UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>STEVEN DALE DEATON<br><br>DEBTOR<br><br>MXR IMAGING, INC.,<br>Plaintiff,<br><br>v.<br><br>STEVEN DALE DEATON<br><br>Defendant | CASE NO. 23-02527-5-PMW<br>CHAPTER 7<br><br><br><br>ADV. PROC. NO. 23-00102-5-PWM<br><br>ADVERSARY COMPLAINT |

## RESPONSE TO COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF INDEBTEDNESS UNDER 11 U.S.C. § 523

COMES NOW the Debtor-Defendant, Steven Dale Deaton (hereafter "Mr. Deaton"), by and through undersigned counsel, and responds to the Complaint of MXR Imaging, Inc. (hereafter "MXR") pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). In opposition thereof, he respectfully answers the allegations as follows:

1. Paragraphs 1 through 15 do not require a response by Mr. Deaton.

2. Responding to Paragraph 16, it is admitted that Mr. Deaton was the CEO of EvoHealth. Since EvoHealth is no longer operating and has been dissolved, it is incorrect that Mr. Deaton is currently the CEO.

3. Responding to Paragraph 17, Paragraph 17 is denied. EvoHeath was a reseller of medical software.

4. Responding to Paragraph 18, Paragraph 18 is denied. EvoHealth was not a "contract manufacturer" but a software reseller. Additionally, MXR was a customer of EvoHealth starting in 2020, not 2022. MXR has worked with Mr. Deaton in various contexts since 2008.

5. Responding to Paragraph 19, this paragraph is admitted.

6. Responding to Paragraph 20. Mr. Deaton is not qualified to make a response.

7. Responding to Paragraphs 21 and 22, these paragraphs are admitted.

8. Responding to Paragraph 23, this paragraph is admitted but with the clarification that EvoHealth filed a chapter 11 bankruptcy case on February 13, 2023 and ceased operating soon after. To characterize the year of 2023 as being one where EvoHealth benefited from the marketing efforts and training of MXR would be a gross overstatement.

9. Responding to Paragraph 24, this paragraph is denied.

10. Responding to Paragraph 25, this paragraph is admitted.

11. Responding to Paragraph 26, this paragraph is denied.

12. Responding to Paragraph 27, this paragraph is admitted.

13. Responding to Paragraph 28, Mr. Deaton admits that EvoHealth contracted with Voxcell, LLC to provide infrastructure support. He denies that this was done without MXR's knowledge.

14. Responding to Paragraph 29, Mr. Deaton is not qualified to know what LifeVoxel had to do for MXR's customers. It is admitted that the business relationship between EvoHealth and LifeVoxel deteriorated to the point where the chapter 11 filing of EvoHealth became necessary.

15. Responding to Paragraphs 30 - 37, these paragraphs are denied.

16. Responding to Paragraphs 38 and 39, Mr. Deaton is unable to either admit or deny these allegations.

17. Responding to Paragraphs 40 through 43, these paragraphs are admitted to the extent that they accurately quote and summarize the contents of the LifeVoxel notice and letter.

18. Responding to Paragraph 44, this paragraph is denied.

19. Responding to Paragraph 45 and 46, this paragraph is denied.

20. Responding to Paragraph 47, this paragraph is admitted.

21. Responding to Paragraph 48, this paragraph is denied.

22. Responding to Paragraph 49, this paragraph is denied. The server did not fail. It is admitted that on that date customer access was interrupted.

23. Responding to Paragraphs 50 through 52, these paragraphs are denied.

24. Responding to Paragraphs 53 through 55, Mr. Deaton is unable to either admit or deny these allegations.

25. Responding to Paragraph 56, this paragraph is admitted.

26. Responding to Paragraphs 57 through 58, these paragraphs are denied.

27. Responding to Paragraph 59, Mr. Deaton is unable to either admit or deny these allegations.

28. Responding to Paragraph 60, this paragraph is admitted.

29. Responding to Paragraph 61, the record of the EvoHealth chapter 11 case speaks for itself. The insinuations contained in paragraph 61 are denied.

30. Responding to Paragraph 62, this paragraph is denied.

31. Responding to Paragraphs 63 through 65, these paragraphs are admitted.

32. Responding to Paragraphs 66 through 87, these paragraphs represent either statements of the law, conclusions of law, or allegations that the Debtor denies.

WHEREFORE, Defendant Steven Deaton respectfully prays the Court:

1. For an Order determining all claims of Plaintiff be without merit;

2. That the Court allow the Debtor's discharge to be entered; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of December, 2023.

/s/Philip Sasser
Philip Sasser
Attorney for Defendant
State Bar No. 26707
2000 Regency Parkway,

Suite 230  
Cary, North Carolina 27518  
Tel: 919.319.7400  
Fax: 919.657.7400